QUEEN MFG. CO. v. F. C. LINDE CO.

(Supreme Court, Appellate Term. June 25, 1909.)

WAREHOUSEMEN (§ 25*)—DELIVERY OF GOODS—RIGHTS OF CONSIGNEE.

A warehouseman, receiving from a carrier goods for storage, on the refusal of the seller to receive the goods back on the buyer rejecting them, may deliver them to the seller, designated the consignee in the bill of lading, bearing on its face the words "not negotiable," in the absence of knowledge of any new right in one claiming under the buyer.

[Ed. Note.—For other cases, see Warehousemen, Cent. Dig. §§ 38–47; Dec. Dig. § 25.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Queen Manufacturing Company against the F. C. Linde Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Woolsey A. Shepard, for appellant
Henry Levis, for respondent.

PER CURIAM. The predecessor of the plaintiff, a partnership doing business under the same name in Cincinnati, bought certain goods of the Broads Manufacturing Company, of 14 Wooster street, New York, and after inspection returned the goods as deficient in quality. The Broads Manufacturing Company refused to receive back the goods and they were stored by the New York Central & Hudson River Railroad Company in the warehouse of the defendant. Later on, the Broads Manufacturing Company having assigned the account and the assignee refusing to extend the credit, the plaintiff paid the account, $212.63, received back the duplicate bill of lading, and became owner of the goods, the delivery whereof it demanded from the defendant, which, however, had already delivered them to the Broads Manufacturing Company, no longer entitled to their possession truly, but designated the consignee in the bill of lading, of which latter a surrender was not necessary, inasmuch as it bore distinctly printed upon its face "Not negotiable," no prior notification of the new right of the plaintiff appearing.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event.